*Liu v. Garland*

BIA
Brennan, IJ
A208 152 752

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty-four.

PRESENT:
>      JON O. NEWMAN,
>      RAYMOND J. LOHIER, JR.,
>      EUNICE C. LEE,
>           *Circuit Judges.*

_____

ZENG YU LIU,
>      *Petitioner,*

>      v.                                                    **22-6503**
>                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>      *Respondent.*

_____

**FOR PETITIONER:**                    John S. Yong, Law Office of John S. Yong, New York, NY.

**FOR RESPONDENT:**                   Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zeng Yu Liu, a native and citizen of the People's Republic of China, seeks review of an October 14, 2022 decision of the BIA affirming a November 6, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zeng Yu Liu*, No. A208 152 752 (B.I.A. Oct. 14, 2022), *aff'g* No. A208 152 752 (Immigr. Ct. N.Y.C. Nov. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision "as modified by" the BIA, i.e., minus the implausibility finding that the BIA declined to rely on. *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings "under the substantial evidence standard" and we review questions of law and

2

application of law to fact de novo.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Liu's application asserted a fear of persecution as a Christian, based on allegations that the police raided an unregistered Christian church he was attending and that he continued to practice Christianity in the United States.   An asylum applicant has the burden to establish either past persecution or a well-founded fear of future persecution.   *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b).   Liu alleged that he escaped from the raid and does not dispute that he did not suffer past harm constituting persecution; thus, he had the burden to establish an "objectively reasonable" fear of future persecution.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(1), (2); *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406–07 (2d Cir. 2014) (holding that threats alone do not constitute past persecution).

A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution."  *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and

3

is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Liu alleged that he continued to practice Christianity in the United States. His evidence reflected that he attended services only 47 times in the United States over the course of three years, and he did not claim to have proselytized. The agency therefore did not err in concluding that Liu failed to establish an objectively reasonable fear that Chinese authorities would target him given his limited church attendance and limited public religious activity in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138, 143 (2d Cir. 2008) (requiring applicant who bases fear of persecution on activities in the United States to establish a reasonable possibility that the alleged persecutors were or would become aware of the activities).

Liu also alleged that, although he managed to escape from the raid on the church, the police later went to his home to arrest him. To the extent that Liu relies on this alleged past attempt to arrest him as evidence that the police will seek him out if he returns, substantial evidence supports the agency's determination that he was not credible. *See Hong Fei Gao*, 891 F.3d at 76.

First, the agency reasonably relied on vague testimony and an inconsistency in Liu's narrative about whether the friend who introduced him to the church was

4

present during the raid, which also undermined the reliability of his corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that "a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , or any other relevant factor"). When asked how a friend, who was not present at the church during the raid, could provide a detailed letter about what happened during the service, Liu responded, "That, I don't know." Liu compounded the problem by answering "we ran" when asked whether the friend who introduced him to the church had subsequent problems with the police, thus implying that the friend was present during the raid. Liu argues that "I don't know" was not a vague answer; however, we defer to the agency where the record supports the IJ's interpretation. *See Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quotation marks omitted)). Further, the explanation does not resolve the inconsistency about his friend's knowledge of or presence during the raid. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent

5

statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, the agency reasonably relied on Liu's lack of responsiveness when asked why he had no letters from anyone present during the raid. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness"). We defer to that finding because "the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, the lack of corroboration from a direct witness to the raid bolsters the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As noted above, Liu testified that the friend who wrote a corroborating letter was not present during the raid, and the IJ was not required to credit letters from that

6

friend or Liu's mother.  *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "IJ acted within her discretion in according . . . little weight" to letters from applicant's wife and friend "because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination").

Taken together, the inconsistency, the demeanor finding, and the lack of reliable or first-hand corroboration provide substantial evidence for the agency's conclusion that Liu was not credible as to events in China.  *Id.* at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273; *Jin Chen*, 426 F.3d at 113.

In sum, the agency did not err in concluding that Liu failed to meet his burden of proof given his limited practice of Christianity in the United States and his lack of credibility regarding his claim that the police in China were looking for him.  *See Jian Xing Huang*, 421 F.3d at 129.  This determination that Liu failed to establish a well-founded fear of future persecution is also dispositive of withholding of removal and CAT relief, which require a greater likelihood of persecution or torture.  *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

7

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court